## 2658.  CHAPMAN *v.* THE STATE.

No error of law appears, and the evidence supports the verdict.

Accusation of misdemeanor; from city court of Hartwell— Judge Hodges.   April 13, 1910.

Submitted June 1,—Decided June 14, 1910.

*A. S. Skelton,* for plaintiff in error.

*J. Rod. Skelton, solicitor,* contra.

HILL, C. J.   Chapman, driving on a public highway at night, collided with a wagon driven by a man. The night was so dark that neither could distinguish the other or the character of the vehicle driven by the other. Chapman immediately fired his pistol in the direction of the object against which he had collided, the ball hit-

ting a stove in the wagon driven by the other man. He was indicted for a violation of §508 of the Penal Code, which provides that "if any person shall, between dark and daylight, wilfully and wantonly fire off or discharge any loaded gun or pistol on a public highway, and within 50 yards of a public highway, except in defense of person or property, or on his own premises, he shall be guilty of a misdemeanor." He contends that his conviction was illegal, for three reasons. First, he contends that if he ʼwas guilty of anything, he was guilty of shooting at another; and, this being a felony, the city court had no jurisdiction. Under his own statement we do not think his offense was that of shooting at another. He says: "Before I was aware of it, without notice, something struck my buggy with tremendous force. Not knowing what it was or what it meant, I fired at something that seemed to be pulling my wheel off the axle. The wheel crushed down, and I went headlong to the ground. As I was falling I fired again. I heard no voice and did not know what had struck me." From this statement it seems that he did not shoot at any "person," but shot at the "something" that collided with him. While he must have thought that human agency had some connection with this something, and his shooting was reckless and without regard to consequences, yet, under his own statement, we do not think that he shot at another person. He says, in the next place, that there was no legal evidence that the highway on which the shooting occurred was a public highway. On this subject the testimony is undisputed, that "it was a public road used by the public." This would be sufficient to show prima facie that it was a public road or highway. *Cleveland* v. *State,* 4 *Ga. App.* 62 (60 S. E. 801). In the third place, he insists that the shooting was in defense of his person or property, and in no sense wilful or wanton. The evidence affirmatively shows that it was not in defense of his person or property. Even admitting that the wagon driven by the other man collided with his buggy, it can not be said that this was such an attack as would justify him in shooting in defense of his person or his property. According to his statement, he was driving very rapidly, and, according to the evidence of the man who was driving the wagon, the latter was not driving fast, but drove slowly; so if the blame was to be atttached to any one for the collision, it would seem that the defendant was more culpable than the driver of the

wagon. We think the jury was justified in finding that the act of shooting was not in defense of person or property, but was wilful or wanton; and that the conviction was proper.

*Judgment affirmed.*